# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

LINDA PATE,

    Plaintiff,

vs.

WINN-DIXIE STORES, INC.,

    Defendant.

CV 213-166

## ORDER

Presently before the Court is Defendant Winn-Dixie's Motion to Dismiss and/or Motion to Strike Paragraph 22 of Plaintiff's Complaint for Personal Injuries. Dkt. No. 15. Upon due consideration, Winn-Dixie's motion is **DENIED**.

## I. Factual Background

This action is predicated upon an alleged slip-and-fall at a grocery store. At approximately 4:15 p.m. on December 23, 2011, Plaintiff Linda Pate and her husband entered a Brunswick, Georgia Winn-Dixie grocery store as business customers. Dkt. No. 1-1, Ex. A ¶ 8. Defendant Winn-Dixie Stores, Inc. owned and occupied this store. Id. ¶ 6. Pate alleges that water had collected on the floor near a cooler and covered a large area,

although Pate did not see the water because the floor's shine made the water difficult to see. Id. ¶¶ 9-10, 15. Purportedly, Winn-Dixie had been experiencing this problem for a substantial period beforehand. Id. ¶ 7. Because Winn-Dixie allegedly failed to keep the premises safe or warn Pate about the danger, Pate stepped in the water, slipped, and fell. Id. ¶¶ 11-16. As a result of the fall, Pate "was seriously and permanently injured in body and mind" and "has had substantial medical treatment." Id. ¶¶ 17-18.

## II. Procedural History

In September 2013, Plaintiff Linda Pate brought suit against Defendants Winn-Dixie Stores, Inc. and John Doe[1] in the Superior Court of Glynn County. Id. at 5. Pate claims relief for approximately $106,467.77 in medical bills and at least $29,000 in lost income. Id. ¶¶ 19-21. She also seeks punitive damages under O.C.G.A. § 51-12-5.1. Id. ¶ 22.

In December 2013, Winn-Dixie removed the case to federal court. Dkt. No. 1. Although Winn-Dixie had filed a motion to dismiss in state court, Dkt. No. 1-1, Ex. C, and also when it removed the case, Dkt. No. 6, the Clerk of Court ordered that all parties re-file any pending motions, Dkt. No. 8. Therefore, on December 18, 2013, Winn-Dixie filed its Motion to Dismiss

---

[1] The Complaint identifies "John Doe" as a managerial employee of Winn-Dixie with responsibility to keep the premises safe. Dkt. No. 1-1 ¶ 3. In her Amendment to Complaint, Pate "stipulates that she does not intend to serve John Doe." Dkt. No. 5.

2

and/or Motion to Strike Paragraph 22 of Plaintiff's Complaint for Personal Injuries. Dkt. No. 15.

### III. Legal Standard

When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must construe the plaintiff's complaint in the light most favorable to the plaintiff and accept all well-pleaded facts alleged in the complaint as true. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

### IV. Discussion

In its motion to dismiss, Winn-Dixie asks the Court to strike or dismiss paragraph 22 of Pate's Complaint. Dkt. No. 15. Winn-Dixie's basis is that "Plaintiff's Complaint . . . does not specifically allege facts supporting a claim for punitive damages or plead facts that would support a finding of

3

wantonness, willful misconduct, malice, fraud, oppression, or conscious disregard of consequences." Dkt. No. 15, at 2. Indeed, to recover punitive damages, Pate must prove "by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b).

In full, paragraph 22 says:

> The actions of the Defendant[] were reckless and showed willful misconduct, wantonness, oppression, and an entire want of care so as to constitute a conscious, affirmative indifference to the consequences. Plaintiff is entitled to have and recover punitive damages in accordance with O.C.G.A. § 51-12-5.1.

Dkt. No. 1-1, Ex. A ¶ 22. Elsewhere, the Complaint asserts that Winn-Dixie "had a duty to exercise ordinary care to keep the premises safe" and "a duty to warn of the danger of water on the floor," both of which it failed to do. Id. ¶¶ 11-14.

The Complaint's allegations are sufficient to satisfy Rule 8's pleading standards and withstand Winn-Dixie's motion to dismiss. Indeed, the Complaint did not allege specific details from which the Court can conclude by clear and convincing evidence that Winn-Dixie's acts or omissions warrant an award of punitive damages; nor did it need to. Instead, "[m]alice, intent, knowledge, and other conditions of a person's mind may

4

be alleged generally." Fed. R. Civ. Proc. 9(b). Paragraph 22 does this, while the rest of the Complaint alleges facts establishing a prima facie case against Winn-Dixie for negligence. See Dkt. Nos. 1-1, Ex. A ¶¶ 3-22 (stating the underlying facts); 10, at 3-6 (proffering theories of liability under Georgia law that might support the plaintiff's claim for punitive damages).

Notably, Winn-Dixie relies on authority in which courts—ruling on motions for summary judgment—affirmed dismissals of claims for punitive damages. See Dkt. No. 15, at 2-3 (citing Troutman v. B.C.B. Co., 209 Ga. App. 166 (1993), and Bonard v. Lowe's Home Ctrs., Inc., 224 Ga. App. 85 (1996)). Although discovery might not reveal facts sufficient to show a right to punitive damages (or any right to relief) and to survive summary judgment, the Complaint's allegations are sufficient to satisfy Rule 8's notice requirements and weather a motion to dismiss. Therefore, Winn-Dixie's motion is **DENIED**.

## V. Conclusion

For the aforementioned reasons, Defendant Winn-Dixie's Motion to Dismiss and/or Motion to Strike Paragraph 22 of Plaintiff's Complaint for Personal Injuries is **DENIED**. Dkt. No. 15.

**SO ORDERED**, this 6TH day of March, 2014.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA