## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

LINDA PATE,                          :
                                     :
         Plaintiff,                  :
                                     :
    v.                               :        CIVIL ACTION NO.: CV213-166
                                     :
                                     :
WINN-DIXIE STORES, INC.,             :
                                     :
         Defendant.                  :

## O R D E R

Before the Court is Plaintiff's Motion Seeking to Have the Court Overrule Defendant's Objections to Items on Notice of Deposition of Winn Dixie's Rule 30(b)(6) Representative. (Doc. 107). Defendant filed no response to the Motion indicating no opposition thereto. See Local Rule 7.5. Plaintiff first requests that the Court issue an "immediate order as to whether she must schedule the designated representative[']s deposition now or can wait until the Court rules on the objections." (Id. at p. 12). Because the Court finds no reason to issue an immediate order, this portion of Plaintiff's Motion is **DENIED**. Plaintiff also moves the Court to "overrule each of [Defendant's] objections and allow Plaintiff to fully cross examine [Defendant's] agent as to each of the objected to matters at deposition." (Id.). For the following reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's latter request.

When a notice or subpoena names an organization as the deponent, the organization must designate one or more agents or other persons to testify on its behalf about "information known or reasonably available to the organization." FED. R. CIV. P.

30(b)(6). As with all discovery tools, the information sought through such a deposition must fall within the scope of discovery, which broadly includes

> any nonprivileged matter that is relevant to any party's claim or defense— including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1). The broad scope of discoverable information reflects the "purpose of discovery . . . to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case." FED. R. CIV. P. 26 advisory committee's note.

Discovery, however, "like all matters of procedure, has ultimate and necessary boundaries." Hickman v. Taylor, 329 U.S. 495, 507 (1947). A court must limit the extent of discovery if

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(2)(C). A court thus has "broad powers . . . to regulate or prevent discovery." FED. R. CIV. P. 26 advisory committee's note.

In this case, information within the scope of discovery must be nonprivileged and relevant to an element of Plaintiff's slip-and-fall claim:

> (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. "[C]onstructive knowledge may be inferred when

AO 72A
(Rev. 8/82)

there is evidence that . . . the owner lacked a reasonable inspection procedure."

Hall v. Bruno's, Inc., 560 S.E.2d 326, 328 (2002) (alteration in original) (citations omitted). Defendant objects to certain items in Plaintiff's Notice of Deposition as outside the scope of discovery or subject to court limitation. The Court will address those objections in turn.

**1)    Objections to Item A:**    In Item A of its Notice of Deposition, Plaintiff seeks designated agent testimony as to the following:

> For each employee and/or former employee of [Defendant] who to the knowledge of [Defendant] was in the vicinity [of] the area where Plaintiff[ ] fell in the three hours immediately before her fall, the identity of each such employee and/or former employee, the time that employee and/or former employee was in the vicinity of the area of the fall, everything each employee and/or former employee observed about the condition of the floor when there.

(Doc. 107, Ex. A, pp. 1–2).

In its objections, Defendant contends that Item A "is vague, ambiguous and over broad [sic]; and further does not describe the matter for examination with reasonable particularity such that a corporate representative can be designated. Additionally, to the extent this information can be provided, it has been previously disclosed through discovery." (Id. at Ex. B, p. 1).

As an initial matter, the information in Item A is discoverable because it is nonprivileged and relevant to Defendant's knowledge and actions or conditions within Defendant's control.    Contrary to Defendant's objections, Item A clearly and unambiguously describes the matter for examination as the employees who visited the area during the three hours before the fall, specifically requesting each employee's

identity, timing, and observations. Item A is not overbroad, as it is tailored to the time period and location of the incident.

While Defendant may have previously produced a Time and Attendance Report identifying employees working on the day of the incident (see Doc. 41, p. 3), disclosure of this document does not obviate Plaintiff's ability to have a designated agent testify to this information. See QBE Ins. Corp. v. Jorda Enters., Inc., No. 10-21107-CIV, 2012 WL 266431, at *11 (S.D. Fla. Jan. 30, 2012) ("[A] corporation may not take the position that its documents state the company's position and that a corporate deposition is therefore unnecessary." (citing Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co., 251 F.R.D. 534, 540 (D. Nev. 2008))); see also id. ("[A] corporation cannot point to interrogatory answers in lieu of producing a live, in-person corporate representative designee." (citing Marker v. Union Fid. Life Ins. Co., 125 F.R.D. 121, 127 (M.D.N.C. 1989))).

Defendant's previous disclosures also do not appear to contain details as to timing and employee observations. But regardless of whether Plaintiff has discovered, or has had the opportunity to discover, this information, Plaintiff is entitled to obtain designated agent testimony as to facts within the corporation's collective knowledge and the corporation's position and beliefs. See id. (citing Great Am. Ins. Co. of N.Y., 251 F.R.D. at 539, and United States v. Taylor, 166 F.R.D. 356, 362 (M.D.N.C. 1996)). Any additional burden on Defendant to prepare its designated agent with this information does not change this result. See Wilson v. Lakner, 228 F.R.D. 524, 528 (D. Md. 2005) (stating that a corporation preparing for such a deposition must make a "good faith effort

AO 72A
(Rev. 8/82)

. . . to find out the relevant facts—to collect information, review documents, and interview employees with personal knowledge").

Based on the foregoing, the Court **OVERRULES** Defendant's objections and **GRANTS** Plaintiff's Motion as to Item A.

**2)    Objections to Items B and C:**    Item B states that the designated agent will testify as to "[a]ll aspects of [Defendant's] knowledge of which coolers at [Defendant's] [s]tore in question have had their drains clogged in the last five years, and, as to those coolers, which have had water dripped on the floor as a result of the clogged coolers." (Doc. 107, Ex. A, p. 2). Item C further includes "[t]he name and address of each current and former employee of [Defendant] who unclogged any cooler drain at the . . . [s]tore in question in the last five years." (Id.).

> Defendant responds with the following blanket objections to Items B through E:
>
> Defendant objects to these matters for examination described in these sections as they are vague, overbroad and ambiguous; and further do[ ] not describe the matter[s] for examination with reasonable particularity such that a corporate representative can be designated.    Further, Defendant . . . is unable to designate a representative to testify regarding clogged drains which have resulted in a cooler dripping water onto the floor as there is no record of this occurring in the area where Plaintiff's incident occurred in the five years prior to Plaintiff's incident.

(Id. at Ex. B, p. 1).

Items B and C set forth matters for examination that are relevant to Plaintiff's claim as pertaining to Defendant's knowledge and actions or conditions within Defendant's control. These items present the matters for examination with reasonable particularity, as they clearly and unambiguously ask for the instances when cooler drains clogged or leaked and the identity of employees who resolved these issues.

These items also demonstrate appropriate breadth, limiting the inquiry to the five years preceding Plaintiff's incident and the store in which Plaintiff's incident occurred.

Although Defendant maintains that there is no record of such instances, Plaintiff persuasively points out that "[r]ecords are not the only source to which the designated representative should look to for corporate knowledge." (Id. at p. 6). Indeed, Defendant could know, or have reasonably available, information about clogged drains from sources other than incident reports, and Defendant has a duty to investigate all available sources to find these relevant facts. QBE Ins. Corp., 2012 WL 266431, at *11–12 (stating that a corporation must initiate an investigation for the purpose of complying with the 30(b)(6) notice, reviewing "myriad sources, including documents, present or past employees, or other sources" (citations omitted) (internal quotation marks omitted)).

Even if Defendant ultimately lacks any knowledge of clogged drains and employee involvement—because it kept no records and obtained no information from other sources—Plaintiff is entitled to find that out through a deposition of its designated agent. Fraser Yachts Fla., Inc. v. Milne, No. 05-21168-CIV, 2007 WL 1113251, at *2 (S.D. Fla. Apr. 13, 2007) ("[T]he corporation's obligation under Rule 30(b)(6) does not mean that the witness can *never* answer that the corporation lacks knowledge of a certain fact. The absence of knowledge is, by itself, a fact that may be relevant to the issues in a given case.").

The Court, however, must limit the inquiry under Item C. So as not to place an undue burden on Defendant, its designated agent need only give the name and <u>last known</u> address of each employee or former employee who unclogged cooler drains

AO 72A
(Rev. 8/82)

during the five-year period.  See FED. R. CIV. P. 26(b)(2)(C) (requiring courts to limit burdensome discovery requests).

The Court therefore **OVERRULES** Defendant's objections and **GRANTS** Plaintiff's Motion as to Item B.  Because the Court **OVERRULES with limitation** Defendant's objections to Item C, the Court **GRANTS in part** and **DENIES in part** this portion of Plaintiff's Motion.

**3)      Objections to Items D and E:**    In Item D, the matters for examination include "[a]ll aspects of [Defendant's] record keeping or lack thereof and the reasons for either keeping or not keeping records regarding when cooler drains become clogged, the cause of the clogs, who unclogs the drains and whether water from the clogged drains dripped onto the floor." (Doc. 107, Ex. A, p. 2).  Similarly, Item E lists, "[a]ll aspects of whether, when and why [Defendant] at one time used store zone safety logs as testified to by manager Kocher in his deposition and whether, why and when it discontinued using store zone safety logs." (Id.).

Again, Defendant relies on its blanket objections to Items B through E: that these items are "vague, overbroad and ambiguous," that they fail to "describe the matter for examination with reasonable particularity," and that "there is no record of this occurring in the area where Plaintiff's incident occurred." (Id. at Ex. B, p. 1).

The matters in Items D and E are relevant to Plaintiff's claim on the issue of Defendant's knowledge.  These items designate the matters for examination clearly, unambiguously, and with reasonable particularity; it is evident that Plaintiff seeks information about the existence of and reasoning behind Defendant's record-keeping practices for coolers and zone safety.  Plaintiff therefore may depose the designated

7

agent regarding Defendant's record keeping for coolers and zone safety, but Plaintiff may not inquire into Defendant's reasons therefor.

The Court finds, however, that Items D and E are overbroad, because Defendant's reasons behind its record-keeping practices or lack thereof are irrelevant to Plaintiff's claim. The inquiry in a slip-and-fall case focuses on whether, not why, a defendant had knowledge and took actions contributing to the plaintiff's injury. Plaintiff thus may depose the designated agent regarding Defendant's past and present record-keeping practices for coolers and zone safety, but Plaintiff may not inquire into Defendant's reasons therefor.

Defendant's objections to Items D and E are **SUSTAINED in part** and **OVERRULED in part**, and the related portions of Plaintiff's Motion are **DENIED in part** and **GRANTED in part**.

**4)**     **Objections to Items K and L:**     Items K and L of Plaintiff's Notice of Deposition address "[a]ll efforts of [Defendant] to supply its designated agent or agents with all corporate knowledge and notice as to each of the above matters" and "[a]ll efforts of the designated agent or agents to obtain all corporate knowledge and notice as to each of the above matters." (Id. at Ex. A, p. 3). In its objections, Defendant asserts that these items "invade the attorney/client privilege and further request[ ] information regarding privileged communications." (Id. at Ex. B, p. 2).

Items K and L address matters relevant to Plaintiff's claim, because the extent to which the designated agent's statements accurately reflect Defendant's corporate knowledge and position affects Plaintiff's ability to present its case against Defendant using those statements. See FED. R. CIV. P. 26 advisory committee's note ("The

purpose of discovery is to allow a broad search for . . . matters which may aid a party in the preparation or presentation of his case."); see also id. ("[I]nformation that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable.").

Relevant matter must also be nonprivileged to be discoverable, FED. R. CIV. P. 26(b)(1), and the Court cannot find, at this time, that the matters in Items K and L are privileged. Under Georgia law, the attorney-client privilege "protects admissions and communications between the attorney, in his or her representative capacity, and the client, made for the purpose of securing legal advice or assistance." Lazar v. Mauney, 192 F.R.D. 324, 328 (N.D. Ga. 2000). The privilege does not protect facts communicated to an attorney; therefore, a designated agent must testify as to factual information transmitted from or through its counsel. Great Am. Ins. Co. of N.Y., 251 F.R.D. at 541. A party withholding otherwise discoverable information on the basis of privilege must expressly assert the privilege and "describe the nature of the documents, communications, or tangible things not produced or disclosed." See FED. R. CIV. P. 26(b)(5)(A); see also FED. R. CIV. P. 26 advisory committee's note ("Details concerning time, persons, general subject matter, etc. may be appropriate if only a few items are withheld.").

Defendant asserts, without explanation, that the attorney-client privilege protects against the disclosure of its and its designated agent's methods of preparing for deposition. Without further information as to the nature of these methods or the basis for the privilege, the Court is unable to determine, at this time, that Defendant may withhold this otherwise discoverable information. Because preparation for deposition

often requires investigating numerous sources of information, it is unlikely that <u>all</u> efforts to prepare for the deposition in this case constitute privileged communications. If Defendant believes that the attorney-client privilege applies to any particular method of preparation, Defendant, through its counsel or designated agent at the deposition, may assert such a privilege in accordance with Federal Rule of Civil Procedure 26(b)(5)(A).

The Court declines to find the matters in Items K and L privileged at this time and therefore **OVERRULES** Defendant's objections. But because the Court allows Defendant to properly object at the deposition on the basis of privilege, should one exist, Plaintiff's Motion as to Items K and L is **GRANTED in part** and **DENIED in part**. If Defendant asserts a privilege at the deposition and Plaintiff disagrees therewith, the Court will revisit Defendant's properly made objection on motion of Plaintiff filed within ten (10) days of the deposition.

**SO ORDERED**, this _20th_ day of October, 2014.


JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)