# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

LINDA PATE,

    Plaintiff,

vs.

WINN-DIXIE STORES, INC.,

    Defendant.

CV 213-166

## ORDER

This action arises from a slip-and-fall injury at a Winn-Dixie in Brunswick, Georgia on December 23, 2011. Contentious discovery proceedings have resulted in Plaintiff Linda Pate's three Rule 72(a) objections to the Magistrate Judge's Orders being brought before this Court. Plaintiff's Objection to the Magistrate Judge's Order dated June 23, 2014 (Dkt. no. 57) is **SUSTAINED**. Plaintiff's Objections to the Magistrate Judge's Orders dated August 11, 2014 (Dkt. no. 76) and August 12, 2014 (Dkt. no. 79) are both **OVERRULED**, because the Magistrate Judge's conclusions in those Orders are not clearly erroneous nor contrary to law.

## I. Standard of Review

When a magistrate judge rules on a non-dispositive pretrial discovery matter, parties may object to that ruling and seek review from the district judge under Federal Rule of Civil Procedure 72(a). See Fed. R. Civ. P. 72(a). In reviewing the magistrate judge's order, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. The clearly erroneous or contrary to law standard "is exceedingly deferential." Jackson v. Deen, CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, CV 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Id. (citations omitted). "A decision by the magistrate judge is contrary to law where it either fails to follow or missaplies the applicable law." Id. (citations omitted).

## I. Objections to the Magistrate Judge's June 23 Order

The first of Plaintiff's three 72(a) Objections concerns the Magistrate Judge's Order denying Plaintiff access to an unredacted incident report and witness statement form.[1] The

---

[1] The parties' motions and the Magistrate Judge's Order on this matter do not clearly describe the relationship between the incident report form and the witness statements Plaintiff seeks. Plaintiff suggests in her Objections that

Magistrate Judge reasoned that this evidence was entitled to work product privilege and should not be disclosed to Plaintiff. Dkt. no. 57. The Magistrate Judge ordered Defendant to provide Plaintiff with the contact information of the individuals who prepared the reports and statements. Id. In her Objection, Plaintiff contends that the Magistrate Judge applied the wrong legal standard in determining whether Defendant had satisfied the requirements of the work product doctrine. Dkt. no. 58, pp. 3-4.

### a. Legal Standard for Work Product Privilege

The work product doctrine is codified in Federal Rule of Civil Procedure 26(b)(3):

> (A) Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>    (i) they are otherwise discoverable under Rule 26(b)(1); and
>    (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> (B) Protection Against Disclosure. If the court orders discovery of those materials, it must protect against

---

the witness statement form is part and parcel of the incident report form. Dkt. no. 57, p. 2. Defendant does not challenge this characterization in its response. Dkt. no. 62. Because neither party applies the work product doctrine to the witness statement form and incident report form separately, and because Plaintiff's characterization of those forms as a single report for purposes of this analysis went unchallenged, the Court will apply the work product doctrine to both forms in the same manner.

AO 72A
(Rev. 8/82)

> disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3). The party claiming the privilege bears the burden of establishing that the privilege applies. See Republic of Ecuador v. Hinchee, 741 F.3d 1185, 1189 (11th Cir. 2013). If the court finds the privilege does apply, the burden shifts to the party seeking to compel production to make a sufficient showing of "substantial need" and "undue hardship" to overcome the privilege. See Lott v. Seaboard Sys. R.R., Inc., 109 F.R.D. 554, 557 (S.D. Ga. 1985); Fed. R. Civ. P. 26(b)(3)(A). "District courts are entitled to broad discretion in managing pretrial discovery matters . . . including when ruling on the applicability of the work-product docrine." Hinchee, 741 F.3d at 1188 (citations omitted) (alterations in original).

To meet its burden, the party claiming the privilege must show it prepared the documents in question in anticipation of litigation. While it is difficult to reduce the relationship between a document and impending litigation to a "neat general formula," the Eleventh Circuit adheres to the standard that litigation need not be imminent "as long as the *primary motivating purpose* behind the creation of the document was to aid in possible future litigation." See United States v. Davis,

636 F.2d 1028, 1040 (5th Cir. Feb. 12, 1981) (emphasis added);[2] see also Bridgewater v. Carnival Corp., 286 F.R.D. 636, 641 (S.D. Fla. 2011) ("This 'primary motivating purpose' language has been cited innumerable times by courts within this Circuit, and appears to be the standard followed in this Circuit."). "Generally, a document will be deemed to have been prepared in anticipation of litigation when the document can fairly be said to have been prepared or obtained because of the prospect of litigation and not in the regular course of business." Abdallah v. Coca-Cola Co., No. CIV A1:98CV3679RWS, 2000 WL 33249254, at *4 (N.D. Ga. January 25, 2000) (citing Carver v. Allstate Ins. Co., 94 F.R.D. 131, 134 (S.D. Ga. 1982)).

The legal standard the Magistrate Judge should have applied required Defendant to show that the handwritten and computer-written incident reports were prepared in anticipation of litigation and not in the ordinary course of business. Instead, the Magistrate Judge concluded that "Defendant's employee who prepared the incident report arguably did so with an eye toward litigation." Dkt. no. 57, p. 2. While Defendant's anticipation of litigation is certainly arguable—and perhaps even probable—in preparing an incident report after a slip-and-fall, it is incumbent on the Defendant to show that its agent's primary

---

[2] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981).

5

motivation in preparing the report was its possible use in future litigation. The Court finds that the Magistrate Judge's order is contrary to law, and proceeds by applying the correct legal standard to the documents at issue.

### b. Defendant Has Not Established that it is Entitled to Work Product Privilege

In its response to Plaintiff's Objections, Defendant claims it "asserted the privilege over the incident report and gave the basis for its position in detail," and then directs the Court's attention to its responses to Plaintiff's motions to compel (Dkt. nos. 22, 37). Dkt. no. 62, p. 3. Defendant also states in its response to Plaintiff's Objections that "[a]fter reports are created, they are promptly provided to Winn-Dixie's corporate claims/risk management department, which in turn provides the report to defense counsel when litigation is imminent." Id. at pp. 1-2. To support this claim, Defendant cites the deposition of Jonathan Gabler. Id.

None of Defendant's citations to the record actually show that its employees created the incident report forms for the primary purpose of using them in possible future litigation. The first response to Plaintiff's motion to compel that Defendant cites merely asserts the work product privilege without providing any showing that the incident report forms were in fact prepared in anticipation of litigation. Dkt. no. 22,

pp. 6-8. In this first response, Defendant appears to rely on two federal district court cases that applied the work product doctrine to incident reports regarding slip-and-falls on a cruise ship's decks (Alexander v. Carnival Corp., 238 F.R.D. 318 (S.D. Fla. 2006)), and to an incident report prepared by a tour company after the accidental death of a zip-line participant (Fojtasek v. NCL (Bahamas), Ltd., 262 F.R.D. 650 (S.D. Fla. 2009)). These two cases apply the work product doctrine to the specific incident report forms prepared in those particular cases.

In Alexander, the court found that the defendant cruise line had presented appropriate evidence through its claims manager's affidavit that the cruise line initiated a policy of preparing incident reports at the request of its attorneys to aid in possible litigation. Alexander, 238 F.R.D. at 319-20. As such, the court concluded that the incident reports were protected by the work product doctrine. Id. Similarly, in Forjtasek, the court relied on a defendant's claims manager's affidavit, in which she testified that the defendant's legal counsel had instituted a policy of completing incident report forms, in concluding that an incident report prepared after a zip-line accident was protected under the work product doctrine. Forjtasek, 262 F.R.D. at 655-56.

AO 72A
(Rev. 8/82)

Neither <u>Alexander</u> nor <u>Forjtasek</u> support Defendant's apparent proposition that incident report forms are generally covered by the work product doctrine. In each case, the reviewing court required the defense to provide evidence—accomplished by affidavit in both cases—showing that the defendants in fact produced the incident report forms in anticipation of litigation.

With that requirement in mind, the Court now examines Defendant's statement that "[a]fter [incident] reports are created, they are promptly provided to Winn-Dixie's corporate claims/risk management department, which in turn provides the report to defense counsel when litigation is imminent." Dkt. no. 62, pp. 1-2. This statement, if true, would support a showing that the incident report forms in this case were created for their potential use in future litigation.

To support this statement, Defendant points to the deposition of Jonathan Gabler, manager of the Winn Dixie location where the slip-and-fall accident occurred. <u>Id.</u> (citing Gabler Dep., Dkt. no. 83 at 61:8-63:5). The portion of the deposition Defendant cites says nothing about why the incident report forms are created. Mr. Gabler, in this portion of the deposition, simply discusses the procedure of filling out the forms, how many times he has filled one out before, and who filled out the incident report form at issue in this case. <u>Id.</u>

It does not support Defendant's claim in its response to Plaintiff's Objections that these incident report forms are sent to Defendant's claims/risk management department, who then forwards them to defense counsel.

Thus, the Defendant has not produced any evidence, such as depositions or affidavits, showing that the incident report forms filled out by Winn-Dixie employees are created primarily so they can be used in potential litigation. While Defendant has stated that litigation was the motivating purpose for creating the forms in its Response to Plaintiff's Objections (Dkt. no. 62), this *ipse dixit* assertion alone will not satisfy Defendant's burden to show it is entitled to the protection of the work product doctrine. Cf. Bridgewater, 286 F.R.D. at 639 ("That burden [to establish a claim of privilege] is not, of course, discharged by mere conclusory or *ipse dixit* assertions, for any such rule would foreclose meaningful inquiry into the existence of the relationship, and any spurious claims could never be exposed.") (quoting In re Bonanno, 344 F.2d 830, 833 (2d. Cir. 1965)).

As the Magistrate Judge noted, it is certainly plausible that Defendant initiated a policy of requiring incident report forms after certain accidents in its stores so that it may use those forms in potential litigation. However, the work product doctrine requires the party claiming the privilege to show it is

in fact entitled to the privilege. Here, Defendant has nothing more than its conclusory assertions to support its claim to the privilege. The Magistrate Judge's Order (Dkt. no. 58) is **OVERRULED** because it is contrary to law. As such, Plaintiff's motion to compel (Dkt. no. 34) as it relates to the handwritten and computer-written incident report forms and the witness statement forms (Plaintiff's Request for Production C., Dkt. no. 34 at pp. 12-14) is **GRANTED**.

**II. Objections to the Magistrate Judge's August 11 Order**

Plaintiff's second 72(a) Objection is to the Magistrate Judge's August 11 Order (Dkt. no. 76), in which the Magistrate Judge found Plaintiff's motion for sanctions moot.

Plaintiff filed a motion for sanctions on July 22, 2014, claiming that Defendant had failed to comply with a Court Order (Dkt. no. 55) ordering Defendant to produce 1099 and Schedule C tax information for its medical expert, H. Clark Deriso, M.D., for the tax years 2012 and 2013. Dkt. no. 67, p. 1. Plaintiff also argued that sanctions were warranted because Defendant failed to comply with Rule 26(a)(2)'s requirement that parties offering expert testimony provide a report containing "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Id.; Fed. R. Civ. P. 26(a)(2)(B)(v). While Defendant had already provided Plaintiff with a list of the plaintiffs' and attorneys'

names for whom its expert had testified, Plaintiff complained that this list did not satisfy the requirement that all "cases" be disclosed. Dkt. no. 67, pp. 1-2. Plaintiff concluded in her motion for sanctions that Rule 37(b)(2) allows the Court to issue sanctions where a party fails to obey a court order for discovery, and requested that the Magistrate Judge order sanctions in the form of barring Defendant from introducing any evidence or testimony from Dr. Deriso. Id. at 2.

On July 24, two days after Plaintiff filed her motion to compel, Defendant provided Plaintiff the requested Schedule C and 1099 forms, along with assurances that it would contact the attorneys for whom Dr. Deriso had testified in the past, request the case names and numbers from them, and provide that information to Plaintiff as it was made available. Dkt. no. 73, pp. 2, 29-30, 41-42. In its response to Plaintiff's motion for sanctions, Defendant argued that this disclosure brought Defendant into full compliance with the Court Order dated June 13, 2014 and Rule 26(a)(2). Id. at p. 2. The Magistrate Judge agreed, and dismissed Plaintiff's motion for sanctions as moot. Dkt. no. 76.

Plaintiff claims that the Magistrate Judge's decision is "clearly erroneous or contrary to law" because another magistrate judge in a different case, under different circumstances, and in consideration of a different sanctions

provision, came to the conclusion that sanctions were appropriate where a party complied with discovery only after the opposing party filed a motion for sanctions. King v. Dillon Transp., Inc., No. CV411-028, 2012 WL 592191 (S.D. Ga. Feb. 22, 2012). In King, the movant sought sanctions in the form of attorney's fees to cover the cost of filing the motion to compel, and the court found that it was required to order such sanctions under Rule 37(a)(5)(A). Id. at *1-2; see also Fed. R. Civ. P. 37(a)(5)(A) (noting that, where a motion to compel is granted, the court "must" require the party or attorney whose conduct necessitated the motion "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

Here, Plaintiff initially requested the Magistrate Judge to order sanctions under Rule 37(b)(2), not Rule 37(a)(5)(A). Dkt. no. 67, p. 2. Despite being gathered under the same Federal Rule of Civil Procedure, these two provisions contemplate different types of sanctions and operate in different ways. Sanctions under Rule 37(b)(2) are discretionary to the court, who may choose from an array of sanctions. See Fed. R. Civ. P. 37(b)(2). In contrast, sanctions under Rule 37(a)(5)(A) are mandatory in particular situations, but may only come in the form of attorney's fees and are limited to the amount that can

reasonably cover an attorney's effort in preparing a motion to compel. See Fed. R. Civ. P. 37(a)(5)(A).

Plaintiff's Objection fails initially because an Objection to the Magistrate Judge's exercise of discretion is not the appropriate time to argue for sanctions under a different provision of Rule 37. The Eleventh Circuit held in <u>Williams v. McNeil</u> "that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." 557 F.3d 1287, 1292 (11th Cir. 2009). This Court declines to consider Plaintiff's new argument for sanctions.

Additionally, even if the Court were to consider Plaintiff's new argument for sanctions, that argument fails because Plaintiff did not ask the Magistrate Judge—and has not asked this Court—for attorney's fees to cover the cost of filing her motion to compel. Her specific request for sanctions before the Magistrate Judge was for the Court to bar "Defendant from introducing any evidence or testimony from Dr. Deriso or granting other relief as the Court deems proper." Barring the testimony of Dr. Deriso is not proper under Rule 37(a)(5)(A), which only contemplates sanctions of attorney's fees.

The Magistrate Judge's dismissal of Plaintiff's motion to compel was not clearly erroneous or contrary to law. As such,

Plaintiff's Objections (Dkt. no. 77) to the Magistrate Judge's Order dated August 11 (Dkt. no. 76) are **OVERRULED**.

**III. Objections to the Magistrate Judge's August 12 Order**

Plaintiff's final 72(a) Objection challenges the Magistrate Judge's Order (Dkt. no. 79) denying Plaintiff's motion to depose Defendant's Counsel.

After Plaintiff's Counsel brought a loss of consortium claim against one of Winn-Dixie's individual employees on behalf of Plaintiff's husband, Defense Counsel contacted several current and former Winn-Dixie employees and offered to represent them or assist in depositions. Dkt. no. 96, p. 3. Plaintiff argues that this conduct amounts to "interfering with Plaintiff's ability to interview former employees," Dkt. no. 86, p. 1, and she responded by filing a motion for protective order and a request to depose Defense Counsel, Dkt. no. 66. The Magistrate Judge granted Plaintiff's motion for protective order, but denied her motion to depose Defense Counsel, reasoning that the "actions of Plaintiff's attorney in filing a consortium claim on behalf of Plaintiff's husband . . . against Winn Dixie and its store manager . . . makes viable the prospect that other employees of Winn Dixie may need representation by counsel." Dkt. no. 79.

In her Objections, Plaintiff argues several reasons as to why the Magistrate Judge's Order is "clearly erroneous or

AO 72A
(Rev. 8/82)

14

contrary to law." The core of her objection, though, is that Defense Counsel attempted to interfere with Plaintiff's ability to interview or depose witnesses. As evidence of this interference, Plaintiff presents to the Court an affidavit from the witness in question, Isaiah Brown. Dkt. no. 86, pp. 11-14. Notably, this affidavit was not presented to the Magistrate Judge before he issued his Order. Id. at p. 4. Williams's holding that district courts need not consider newly presented arguments upon review of a magistrate judge's decision also applies to newly submitted evidence where the objecting party "has advanced no reason why he could not have discovered or presented his argument regarding" the issue in question. See Worley v. City of Lilburn, 408 Fed. App'x. 248, 253 (11th Cir. 2011).

The Magistrate Judge issued his Order on August 12. Plaintiff learned that Defense Counsel had spoken to Brown as early as July 10, see Dkt. no. 66, p. 2, more than a month before the Order was issued. Furthermore, Plaintiff had obtained the affidavit presented to the Court by August 5, a full week before the Magistrate Judge issued his Order. Plaintiff has not provided any reason why she was unable to bring this information or affidavit to the Magistrate Judge in a timely fashion. Nor has Plaintiff explained why, if she believed this evidence to be of such importance to the Magistrate Judge's consideration, she

15

failed to file with the Clerk's office a notice of intent to supplement her motion when she knew the issue was fully briefed and the Magistrate Judge's decision was forthcoming. Thus, the Court need not consider this newly submitted evidence.[3]

The Magistrate Judge's Order dated August 12, 2014 is not clearly erroneous or contrary to law, and Plaintiff's Objection (Dkt. no. 86) to that order is **OVERRULED**.

IV. **Conclusion**

For reasons stated above, Plaintiff's Objections to the Magistrate Judge's Order dated June 23 (Dkt. no. 57) is **SUSTAINED**, and Plaintiff's Motion to Compel (Dkt. no. 34) is **GRANTED** as it relates to the handwritten and computer-generated incident report forms and the witness statement forms. Plaintiff's Objections to the Magistrate Judge's Orders dated August 11 and August 12 (Dkt. nos. 76, 79) are **OVERRULED**.

**SO ORDERED**, this 27TH day of October, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] But even if the Court were to consider Brown's affidavit, its mere existence undermines Plaintiff's argument that Defense Counsel obstructed her access to Winn-Dixie's former employees. Furthermore, Brown never alleges in his affidavit that the unnamed lawyer for Winn-Dixie ever advised him not to speak with Plaintiff's counsel. If anything, the new evidence supports the Magistrate Judge's denial of Plaintiff's request to depose Defense Counsel.