IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LINDA PATE, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.: CV213-166
:
WINN-DIXIE STORES, INC., :
:
    Defendant. :

## O R D E R

Presently before the Court is Plaintiff's Amended Motion to Schedule Settlement Conference. (Doc. 118.) Plaintiff, joined by Defendant, moves the Court to set a pretrial settlement conference and to require that a representative of Plaintiff's nonparty health insurer, Plumbers & Steamfitters Local No. 177 Health and Welfare Plan (the "Plan"), appear at such settlement conference. (Id. at p. 3.) For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## BACKGROUND

Plaintiff filed this slip-and-fall action against Defendant on September 23, 2013. (Doc. 1, Ex. A.) Plaintiff contends that her fall in Defendant's grocery store was caused by a leaking cooler. (Id. at Ex. A, pp. 2–3.) According to Plaintiff, her fall resulted in permanent physical and mental injuries that require substantial medical treatment. (Id. at Ex. A, p. 3.) Plaintiff seeks compensation for her injuries, medical expenses, and lost wages as well as punitive damages. (Id. at Ex. A, pp. 3–4.)

The parties completed discovery on July 26, 2014. (Doc. 47, p. 1.) On August 20, 2014, Defendant filed a Motion for Summary Judgment and a Motion for Partial Summary Judgment as to Punitive Damages, which the parties fully briefed and which are currently pending before the

Court. (Docs. 91–92.) Plaintiff avers that the parties mediated this case, along with its companion state-court case for loss of consortium, on December 3, 2014. (Doc. 118, p. 1.) Plaintiff represents that the parties reached a "tentative settlement" that depended on the Plan compromising a subrogation lien that it has asserted pursuant to the Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. §§ 1001–1461 (2014). (Id.) As Plaintiff explains, the Plan has claimed to hold a lien against any recovery that Plaintiff obtains from Defendant for the cost of a shoulder surgery. (Id. at p. 2.)

Following the mediation, Plaintiff alleges that the parties began contacting the Plan on December 4, 2014. (Id. at p. 1.) The parties informed the Plan of their positions on numerous contested issues, explaining that they factored these issues into their tentative settlement and requesting that the Plan do the same with respect to the amount of its lien. (Id. at pp. 1–2.) Plaintiff contends that the Plan notified her on February 19, 2015, that its trustees voted to deny her request for a reduction in the amount of its lien. (Id. at p. 2.)

On February 20, 2015, Plaintiff filed the instant Motion asking the Court to schedule a pretrial settlement conference and to require that a representative of the Plan with full settlement authority attend the settlement conference. (Id. at pp. 2–3.) Plaintiff further requests that, if necessary, the Court join the Plan as a party to this action, pursuant to its jurisdiction over matters involving federal ERISA law. (Id. at p. 2.) According to Plaintiff, "unless the Plan compromises its claim, as the [p]arties hereto have attempted to do in good faith, the [p]arties will be unable to settle and this matter will have to be tried to a jury at a great risk to the Plan and the [p]arties hereto." (Id.) Plaintiff further argues that the trustees of the Plan "have a fiduciary duty to act to avoid taking unnecessary risks with the assets of the Plan" and that refusing to compromise its lien would do just that. (Id. at pp. 2–3.)

## DISCUSSION

Federal Rule of Civil Procedure 16 ("Rule 16") provides a district court with the "power to facilitate settlement discussions." In re Novak, 932 F.2d 1397, 1403 (11th Cir. 1991); see also Fed. R. Civ. P. 16(c)(1). Pursuant to Rule 16, the Court "may require that a party or its representative be present or reasonably available by other means to consider possible settlement" at a pretrial conference. Fed. R. Civ. P. 16(c)(1); see also L.R. 16.5. The Court may sanction a party or attorney who "fails to appear" at the pretrial settlement conference or who comes "substantially unprepared to participate." Fed. R. Civ. P. 16(f)(1)(A)–(B).

In addition, a district court has "inherent power" beyond that which is explicitly stated in a statute or regulation. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379–81 (1994). "Inherent power" refers to "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." In re Novak, 932 F.2d at 1405–06 (quoting Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). Grounded upon necessity, the Court "may only invoke its inherent power when necessary to protect its ability to function." Id. at 1406; see also Kokkonen, 511 U.S. at 380 (asking whether a lower court's exercise of inherent power was "require[d] in order to perform [its] functions"). Inherent power thus encompasses "the power to issue orders necessary to facilitate activity authorized by statute or rule" and "the power to issue any order necessary to preserve [the Court's] ability to manage and adjudicate a case . . . properly before it." In re Novak, 932 F.2d at 1403, 1406. However, this Court "may not take action under the guise of its inherent power when that action either contravenes a statute or rule or unnecessarily enlarges the court's authority." Id. at 1406 n.17.

In In re Novak, the Court of Appeals for the Eleventh Circuit considered whether a district court's authority to facilitate settlement under Rule 16 gives rise to an inherent power to overcome

certain impediments to a productive pretrial settlement conference. Id. at 1406. Specifically, the Eleventh Circuit addressed the impediment posed by a nonparty insurer of a named party, the defendant in that case, that controlled the litigation but refused to give full settlement authority to the party or its attorney. Id. at 1398–99, 1407. Such a situation, the Eleventh Circuit remarked, "may prevent the individuals participating in the pretrial conference from fully discussing settlement options; this, in turn, frustrates Rule 16's goals." Id. at 1407. Even so, the Eleventh Circuit held that the district court had no authority to issue an order directing an employee of the nonparty insurer with full settlement authority to appear at the pretrial settlement conference. Id. at 1408.[1] The Eleventh Circuit observed that Rule 16 "makes no mention of nonparties or insurers" and, accordingly, provides no explicit authority to issue an order directed at a nonparty insurer. Id. at 1407–08. The Eleventh Circuit further determined that a court has no inherent power to issue such an order, because, under those circumstances, "it is not necessary for a trial judge to issue such an order to guarantee that settlement discussions are fruitful." Id. at 1408. It is not necessary, according to the Eleventh Circuit, because a court can rely on its power, under Rule 16, "to order named parties to produce individuals with full settlement authority at pretrial conferences" or else face sanctions for unpreparedness, to effectively coerce the participation of a nonparty insurer that retains settlement authority. Id.[2]

Although Rule 16 was amended following In re Novak, the Eleventh Circuit's interpretation of Rule 16 nevertheless remains consistent with the amended language.[3] Notably,

---

[1] The Eleventh Circuit nevertheless upheld the district court's decision finding the employee in criminal contempt once he chose not to attend the settlement conference. In re Novak, 932 F.2d at 1408–09. The Court reasoned that "there existed a colorable argument to support the issuance of the order" and that the law, therefore, required the employee to obey that order and to follow defined procedures if he wished to challenge it. Id.

[2] On this point, the Eleventh Circuit found that a court has the inherent power "to direct parties to produce individuals with full settlement authority at pretrial settlement conferences," as necessary to facilitate settlement discussions under Rule 16. Id. at 1407.

[3] When the Eleventh Circuit decided In re Novak in 1991, the version of Rule 16 then in place referred to "attorneys for the parties and any unrepresented parties" as the only "participants" of pretrial conferences. Id. at 1404 & n.11.

4

however, the Advisory Committee to the amendment deliberately omitted a proposed provision that "would have authorized the court to require that parties, or their insurers, attend a settlement conference and participate in special [alternative dispute resolution] procedures." Amendments to Federal Rules of Civil Procedure, 146 F.R.D. 401, 526 (Aug. 1991). The Advisory Committee recognized "the strong feelings of many that this authority is needed and, indeed, already within the court's inherent powers" but resolved to remove the provision to allow for "local experimentation." Id.

Similar to In re Novak, the Plan is a nonparty insurer of a named party in this case. That the named party here is the Plaintiff, rather than the defendant, does not change the Plan's nonparty status. See In re Novak, 932 F.2d at 1408 (applying the same reasoning with regard to a nonparty insurer that "must indemnify its insured (the defendant)" and one that "has subrogation rights to any judgment secured by its insured (the plaintiff)"). Furthermore, while nothing suggests that Plaintiff's insurance agreement gives the Plan any direct control over the litigation or settlement of third-party tort claims, it appears that the Plan's refusal to negotiate its rights against Plaintiff's recovery has created an impasse in the parties' settlement discussions nonetheless.

However, unlike in In re Novak, the only means to overcome this particular impediment is to issue an order directing a representative of the Plan to attend a pretrial settlement conference. Indeed, because the Plan seemingly has no express settlement authority, the alternative envisioned in In re Novak—an order directing the named party to produce an individual with full settlement authority at a pretrial settlement conference—would not be effective in this case. On these facts,

---

Rule 16 was amended in 1993 to clarify that a court could "require that a party or its representative be present or reasonably available by other means." Fed. R. Civ. P. 16(c)(1); see also Fed. R. Civ. P. 16(c)(1) advisory committee's note to 1993 amendment (explaining that under the amended language, a court could even include "a requirement that representatives 'with authority to bind [parties] in settlement discussions' be available during settlement conferences" (alteration in original) (citations omitted)). These changes did not disrupt the Eleventh Circuit's analysis of a court's settlement authority, discussed supra.

5

the Court finds that an order directed at the Plan is necessary for the Court to perform its function of facilitating productive settlement discussions under Rule 16. It is the presence of necessity that distinguishes this case from In re Novak and leads the undersigned to conclude that the Court has the inherent power to issue such an order here.[4]

## CONCLUSION

Based on the foregoing, Plaintiff's Motion is **GRANTED**. The Court hereby sets a settlement conference on Wednesday, March 18, 2015, at 10:00 AM, in Courtroom 2 of the Federal Building, 801 Gloucester Street, Brunswick, Georgia. The Court further orders that a representative of the Plan who can participate in settlement discussions on behalf of the Plan be present at such settlement conference. The Clerk of Court is directed to serve the Plan with a copy of this Order expeditiously.

**SO ORDERED**, this 11th day of March, 2015.

_/s/ R. Stan Baker_

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] The Court's finding as to inherent power obviates ancillary concerns, such as personal jurisdiction. See In re Novak, 932 F.3d at 1403 ("If the court's power to issue this order was truly inherent—i.e., necessary for the administration of justice, then its personal jurisdiction, or lack thereof, over [the nonparty insurer] is irrelevant." (citations omitted)). The Court also need not consider Plaintiff's remaining arguments—as to the Plan's joinder as a party and the trustees' fiduciary duty (Doc. 118, pp. 2–3)—and makes no representation as to the merits of these arguments.